**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| BRIAN JENNEWEIN, in his representative capacity as trustee of the Bricklayers' Local Union No. 1 of Missouri Pension Trust and Bricklayers' Local Union No. 1 Supplemental Pension Plan, et al., ) ) ) ) ) ) ) ) | |
| Plaintiffs, ) | No. 4:23-CV-1057 RLW |
| ) v. ) ) | |
| UNITED SPECIALTY CONTRACTORS, LLC, ) ) ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Default Judgment. Plaintiffs brought this action against United Specialty Contractors, LLC ("United Specialty" or "Defendant"), under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132 and 1145, and Section 301(a) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §185(a), seeking a judgment for delinquent contributions, liquidated damages, interest, attorney's fees, and costs pursuant to collective bargaining agreements between Bricklayers' Local Union No. 1 of Missouri ("the Union") and United Specialty.

United Specialty was served with copies of the Summons and Complaint on August 23, 2023. Defendant did not file an answer or otherwise respond to the Complaint. On October 5, 2023, the Clerk of Court entered default against United Specialty pursuant to Rule 55(a) of the Federal Rules of Civil Procedure. Plaintiffs move, pursuant to Fed. R. Civ. P. 55(b)(2) for the

entry of default judgment against United Specialty. Plaintiffs filed with their Motion a Memorandum in Support and supporting affidavits and exhibits.

## I. Discussion

Default judgments are not favored in the law, U.S. ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993), and their entry is discretionary. See Taylor v. City of Ballwin, Mo., 859 F.2d 1330, 1332 (8th Cir. 1988). "There is a judicial preference for adjudication on the merits. Oberstar v. F.D.I.C., 987 F.2d 494, 504 (8th Cir. 1993). Entry of default judgment pursuant to Fed. R. Civ. P. 55 is appropriate only if there is a "clear record of delay or contumacious conduct." Taylor, 859 F.2d at 1332 (quoted case omitted). Even when a defendant is technically in default and all of the requirements for a default judgment are satisfied, a plaintiff is not entitled to default judgment as a matter of right. 10 James Wm. Moore, et al., Moore's Federal Practice § 55.31[1] (3d ed. 2022); Taylor, 859 F.2d at 1332.

An entry of default from the Clerk of the Court pursuant to Fed. R. Civ. P. 55(a) is a prerequisite to the grant of a default judgment under Rule 55(b). Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 783 (8th Cir. 1998). "A default judgment by the court binds the party facing the default as having admitted all of the well pleaded allegations in the plaintiff's complaint." Angelo Iafrate Const., LLC v. Potashnick Const., Inc., 370 F.3d 715, 722 (8th Cir. 2004) (citing Taylor, 859 F.2d at 1333 n.7). Where default has been entered, the "allegations of the complaint, except as to the amount of damages are taken as true." Brown v. Kenron Aluminum & Glass Corp., 477 F.2d 526, 531 (8th Cir. 1973). If the damages claim is indefinite or uncertain, the amount of damages must be proved in a supplemental hearing or proceeding to a reasonable degree of certainty. Everyday Learning Corp. v. Larson, 242 F.3d 815, 818–19 (8th Cir. 2001).

2

Here, the Court takes the allegations Plaintiffs make in their Complaint as true, except for those allegations as to the amount of damages. Plaintiffs Bricklayers' Local Union No. 1 of Missouri Pension Trust, Bricklayers' Local Union No. 1 Supplemental Pension Plan, Bricklayers' Local Union No. 1 of Missouri Vacation Trust, Bricklayers' Local Union No. 1 of Missouri Apprenticeship and Training Trust, Bricklayers and Trowel Trades International Pension Fund, BAC International Health Fund, (collectively "Bricklayers' Fringe Benefit Funds") are employee benefit plans within the meaning of Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1002 and 1145. Plaintiffs Brian Jennewein, Mark Savage, John Walker, Jr., John Hopkin, Michael Fox, David Gillick, Luke Siebert, John J. Smith, Jr., Brian Grant, Nicholas Frisch, Richard Swanson, Dan Grass, Vince Patrico, Brett Lampkin, John Flynn, James Boland, Ken Lambert, Gerald O'Malley, Gerard Scarano, Henry Kramer, Timothy Driscoll, Eugene George, Robert Hoover, Matthew Aquiline, Gregory Hess, Charles Costella, John Trendell, Fred Kinateder, William McConnell, Carlos Aquin, Ted Chamo, Tony Marra, and Paul Nysewande are the duly designated and acting Trustees of the Funds and are fiduciaries within the meaning of Sections 3 (21) (A) and 502 of ERISA, as amended, 29 U.S.C. §§1002(21)(A) and 1132.

United Specialty is an employer and party in interest in an industry affecting commerce within the meaning of Sections 3(5), (11), (12), and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145 and Sections 2(2), (6) and (7) of the LMRA, as amended 29 U.S.C. §§152(2), (6) and (7). United Specialty employs individuals who are members of, and represented by the Union, a local labor organization, and has agreed to provide participation in the Plaintiffs Bricklayers' Fringe Benefit Funds, so as to provide for benefits for employees.

Defendant was bound by the provisions of collective bargaining agreements requiring weekly payments to Plaintiffs Bricklayers' Fringe Benefit Funds and the Masonry Institute in

specified amounts through the purchase of fringe benefit stamps and the submission of monthly report forms. The collective bargaining agreements also provide for the weekly payment of union dues through the purchase of fringe benefit stamps. The collective bargaining agreements require the payment of liquidated damages and interest on delinquent amounts, as well as s attorneys' fees, accounting fees and court costs. The parties' collective bargaining agreement at Article XI, Section 6 provides that delinquent employers are required to pay liquidated damages of 10% plus 2% per month. Despite the United Specialty's obligation to make contributions to the Bricklayers' Fringe Benefit Funds, United Specially failed to remit the same and was delinquent in the payment of its contributions owing to the Funds for a period of January 2022 through August 2023. In addition, United Specialty has not submitted the reports or contributions required by the collective bargaining agreements for the period subsequent to the audit ending date, August 31, 2023.

Under the facts as alleged in the Complaint, the Court finds Plaintiffs are entitled to default judgment against United Specialty. Defendant failed to remit regular fringe benefit payment obligations pursuant to the collective bargaining agreements. <u>Contractors, Laborers, Teamsters & Engineers Health & Welfare Plan v. Hroch</u>, 757 F.2d 184 (8th Cir. 1985); <u>Landy Packing Co. v. Amalgamated Meat Cutters & Food Handlers of N. Am., AFL-CIO, Dist. Loc. 653-653A</u>, 471 F. Supp. 1218 (D. Minn. 1979), <u>enforced,</u> 627 F.2d 881 (8th Cir. 1980).

## II.  *Damages and Fees*

Pursuant to ERISA, Section 502(g)(2), "In any action under this title by a fiduciary for or on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan – (a) the unpaid contributions; (b) interest on the unpaid contributions (c) an amount equal to the greater of (1) interest on the unpaid contributions, or (2) liquidated

4

damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State law) of the amounts determined by the court under subparagraph (a); (d) reasonable attorney's fees and costs of the action, to be paid by the defendant; and, (3) such other legal or equitable relief as the court deems appropriate." 29 U.S.C. § 1132(g)(2).

In their motion for default judgment, Plaintiffs seek Six Thousand Seven Hundred Thirty-Seven Dollars and Thirty-Nine Cents ($6,737.39) for contributions due, and Three Hundred Twenty-Nine Dollars and Forty-Nine Cents ($329.49) for liquidated damages pursuant to 29 U.S.C. § 1132 (g)(2), for a total of Seven Thousand Sixty-Six Dollars and Eighty-Eight Cents ($7,066.88).  Plaintiffs filed affidavits and exhibits in support of their damage requests. The Court has reviewed the affidavits and exhibits and finds they support Plaintiffs' claim for damages.

The Court finds Plaintiffs are also entitled to their attorney's fees and costs.  Plaintiffs have provided documentation to show that they incurred One Thousand Fifty-Eight Dollars ($1,058.00) in attorney's fees, Two Thousand Forty-Five Dollars and Fifty-Five Cents ($2,045.55) in audit fees, and Four Hundred Eighty-Two Dollars ($482.00) in court costs.  Based on the evidence presented, the Court finds that the services performed by Plaintiffs' attorney were reasonable and necessary to the litigation of this case, that the rates charged and the amount sought for attorney's fees are reasonable.  The Court also finds Plaintiffs are entitled to their costs, including the audit fees.

Finally, because Defendant has not submitted the reports or contributions required by the collective bargaining agreements after the conclusion of the financial audit on August 31, 2023, the Court finds Plaintiffs are entitled to an injunction compelling the submission of these reports and contributions.  29 U.S.C. § 1132(g)(2)(E).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is **GRANTED.** [ECF No. 54]

**IT IS FURTHER ORDERED** that Plaintiffs are entitled to default judgment against Defendant United Specialty Contractors, LLC, in the amount of Six Thousand Seven Hundred Thirty-Seven Dollars and Thirty-Nine Cents ($6,737.39) for contributions due, and Three Hundred Twenty-Nine Dollars and Forty-Nine Cents ($329.49) for liquidated damages pursuant to 29 U.S.C. § 1132 (g) (2), for a total of for a total of Seven Thousand Sixty-Six Dollars and Eighty-Eight Cents ($7,066.88), plus an amount of One Thousand Fifty-Eight Dollars ($1,058.00) in attorney's fees, Two Thousand Forty-Five Dollars and Fifty-Five Cents ($2,045.55) in audit fees, and Four Hundred Eighty-Two Dollars ($482.00) in court costs for a total of Ten Thousand Six Hundred Fifty-Two Dollars and Forty-Three Cents ($10,652.43), together with post judgment interest as allowed by law.

**IT IS FURTHER ORDERED** that Defendant United Specialty Contractors, LLC shall remit all outstanding remittance reports and contributions required under the collective bargaining agreements between Bricklayers' Local Union No. 1 of Missouri and United Specialty United Specialty Contractors, LLC for the period of September 1, 2023, through today's date.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Default Order to Compel an Accounting is **DENIED as moot.**   [ECF No. 51]

A separate Default Judgment shall accompany this Memorandum and Order.

/s/ Ronnie L. White
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this __31st__ day of January, 2024.